ANDREW J. KRAMER, ESQ.
ATTORNEY I.D. NO. 52613
**KANE PUGH KNOELL TROY & KRAMER, LLP**
4 SENTRY PARKWAY EAST, SUITE 100
BLUE BELL, PA 19422
PHONE : 610-275-2000 x 1115
FAX : 610-275-2018
EMAIL : akramer@kanepugh.com

ATTORNEY FOR DEFENDANTS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SEAN CRINGLE,<br>Individually and on behalf of all others<br>Similarly situated,<br><br>Plaintiff<br><br>v.<br><br>STADIUM CASINO RE, LLC d/b/a LIVE!<br>CASINO PITTSBURGH d/b/a LIVE!<br>CASINO AND HOTEL PHILADELPHIA<br><br>And<br><br>STADIUM CASINO WESTMORELAND RE,<br>LLC d/b/a LIVE! CASINO PITTSBURGH<br><br>Defendants | CIVIL ACTION<br>NO. |

# NOTICE OF REMOVAL

**TO: Andrew W. French**
**Ahdoot & Wolfson, PC**
**201 King of Prussia Road, Suite 650**
**Radnor, PA 19087**

**PLEASE TAKE NOTICE** that Defendants, Stadium Casino RE, LLC d/b/a Live! Casino & Hotel Philadelphia and Stadium Casino Westmoreland RE, LLC d/b/a Live! Casino Pittsburgh, have filed a Petition in the Eastern District of Pennsylvania for the removal of an action now pending in the Court of Common Pleas of Philadelphia County, entitled, Sean Cringle v. Stadium Casino RE, LLC d/b/a Live! Casino & Hotel Philadelphia and Stadium Casino Westmoreland RE, LLC d/b/a Live! Casino Pittsburgh; No. 260400805;

**FURTHER TAKE NOTICE** that Defendants, Stadium Casino RE, LLC d/b/a Live! Casino & Hotel Philadelphia and Stadium Casino Westmoreland RE, LLC d/b/a Live! Casino Pittsburgh, have at the same time filed with the United States District Court for the Eastern District of Pennsylvania, a copy of the Complaint, which was filed and entered in the Court of Common Pleas of Philadelphia County.

A copy of said Notice of Removal is attached to this Notice and is hereby served upon you.

**KANE, PUGH, KNOELL, TROY & KRAMER LLP**

DATE: May 8, 2026 BY: ______________________________

ANDREW J. KRAMER, ESQUIRE

ANDREW J. KRAMER, ESQ.
ATTORNEY I.D. NO. 52613
**KANE PUGH KNOELL TROY & KRAMER, LLP**
4 SENTRY PARKWAY EAST, SUITE 100
BLUE BELL, PA 19422
PHONE : 610-275-2000 x 1115
FAX : 610-275-2018
EMAIL : akramer@kanepugh.com

ATTORNEY FOR DEFENDANTS

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SEAN CRINGLE,<br>Individually and on behalf of all others<br>Similarly situated,<br><br>Plaintiff<br><br>v.<br><br>STADIUM CASINO RE, LLC d/b/a LIVE!<br>CASINO PITTSBURGH d/b/a LIVE!<br>CASINO AND HOTEL PHILADELPHIA<br><br>And<br><br>STADIUM CASINO WESTMORELAND RE,<br>LLC d/b/a LIVE! CASINO PITTSBURGH<br><br>Defendants | : | CIVIL ACTION<br>NO. |

---

**<u>NOTICE OF REMOVAL OF DEFENDANTS STADIUM CASINO RE, LLC D/B/A LIVE! CASINO & HOTEL PHILADELPHIA AND STADIUM CASINO WESTMORELAND RE, LLC D/B/A LIVE! CASINO PITTSBURGH</u>**

Defendants Stadium Casino RE, LLC d/b/a Live! Casino & Hotel Philadelphia ("Live! Philadelphia") and Stadium Casino Westmoreland RE, LLC d/b/a Live! Casino Pittsburgh ("Live! Pittsburgh"), by and through their undersigned attorney, give notice of the removal of the above-



38226262.1
4937-3977-6426, v. 1

captioned action to this Court of a civil action pending in the Court of Common Pleas of Philadelphia County, Pennsylvania.[1] In support of this Notice, Defendants aver as follows:

1. Plaintiff Sean Cringle ("Plaintiff") filed a civil action against Defendants in the Court of Common Pleas of Philadelphia County, Case No. 260400805. (*See* copy of Class Action Complaint (the "Complaint") attached hereto as Exhibit A ("Compl.").)

2. In his Complaint, Plaintiff claims to have been injured from a cyberattack (the "Cyberattack") against Defendants in or around March 2026. (Compl. ¶ 1.)

3. This is an action over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), because it is a civil action between citizens of different states and exceeds the $75,000 amount in controversy, exclusive of interest and costs.

4. The state court where the action was originally filed is located in Philadelphia County, Pennsylvania, which is embraced within this judicial district. 28 U.S.C. § 1332(a).

**The Parties**

5. Plaintiff is a citizen of the Commonwealth of Pennsylvania. (Compl. ¶ 18.)

6. Defendants are Delaware limited liability companies with their principal place of business in Baltimore, Maryland. (Diehl Decl. ¶ 3; Compl. ¶ 19-20.)

7. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members. *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 348 (3d Cir. 2013).

---

[1] Live! Philadelphia and Live! Pittsburgh (together, "Defendants") are incorrectly identified in the Complaint as "Stadium Casino RE LLC d/b/a Live! Casino Pittsburgh d/b/a Live! Casino and Hotel Philadelphia" and "Stadium Casino Westmoreland Re, LLC d/b/a Live! Casino Pittsburgh." For purposes of this Notice, Defendants assume Plaintiff intended to name both Live! Philadelphia and Live! Pittsburgh as defendants in the action. (Declaration of Thomas S. Diehl ("Diehl Decl."), attached hereto as Exhibit B, ¶ 2.)

8. At all relevant times, both Defendants have been (and are) indirectly 100% owned by a Maryland limited liability company (the "Maryland LLC"). (Diehl Decl. ¶ 4.)

9. The ownership structure between each Defendant and the Maryland LLC consists of three, single-member Delaware limited liability companies, with each serving as the sole member of the LLC beneath it in the chain, such that the complete ownership structure above Defendants includes only Delaware limited liability companies and the Maryland LLC. (*Id.* ¶ 5.)

10. At all relevant times, the members of the Maryland LLC have been (and are) citizens of Maryland or Texas. (*Id.* ¶ 6.)

11. Therefore, Defendants are citizens of Maryland and Texas.

**Claims Asserted and Relief Sought**

12. Plaintiff asserts that Defendants failed to properly secure and safeguard his personally identifiable information from hackers, resulting in the Cyberattack. (Compl. ¶¶ 1-3.)

13. Specifically, Plaintiff alleges: (a) Defendants provided inadequate notice to him; (b) Defendants knew or should have known of the risk of a data breach; (c) Defendants failed to comply with Federal Trade Commission guidelines; (d) Defendants failed to comply with industry standards; (e) Defendants breached their duty to safeguard his personal information; and (f) he is at an increased and substantial risk of fraud and identity theft as a result. (*Id.* ¶¶ 29-80.)

14. According to Plaintiff, Defendants are "world-class gaming, dining, and entertainment destination[s]." (*Id.* ¶ 24.) Plaintiff alleges that "[a]s a condition of receiving employment and/or services, Defendant[s] require[] that [their] employees and customers entrust [them] with highly sensitive Private Information." (*Id.* ¶ 25.) That "highly sensitive Private Information" allegedly included "confidential employee and/or customer information, including names, addresses, email addresses, dates of birth, Social Security numbers, payroll information,

driver's licenses, passports, and/or financial information (*i.e.*, account numbers, PIN numbers, and routing numbers)." (*Id.* ¶¶ 5, 25.)

15. Plaintiff seeks relief including: (1) a judgment awarding him appropriate monetary relief, including actual damages, statutory damages, equitable relief, restitution disgorgement and statutory costs; (2) an order providing injunctive and other equitable relief as necessary to protect his interests; (3) an order instructing Defendants to purchase or provide funds for "lifetime" credit monitoring and identity theft insurance to him; (4) a judgment awarding him prejudgment and post-judgment interest, reasonable attorneys' fees, costs and expenses as allowable by law; and (5) an award of such other and further relief as this Court may deem just and proper. (*Id.* at 41-42.)

**Jurisdiction Under 28 U.S.C. § 1332(a)**

16. Under 28 U.S.C. § 1332(a), this Court has original jurisdiction over civil actions where the matter in controversy (A) exceeds the sum or value of $75,000, exclusive of interest and costs, and (B) is between citizens of different States. Those elements are satisfied here.

**A. The Amount in Controversy Exceeds $75,000.**

17. Plaintiff's allegations put at least $75,000 in controversy for his claim. The amount in controversy must be evaluated based on the claims made on the face of the Complaint. *Jeffrey Press, Inc. v. Hartford Cas. Ins. Co.*, 326 F. Supp. 2d 626, 628-29 (E.D. Pa 2004) ("It is well-established by numerous judicial decisions by the Supreme Court, the court of appeals, and countless district courts that the amount in controversy for jurisdiction purposes is measured by the direct pecuniary value of the right that the plaintiff seeks to enforce or protect or the value of the object that is the subject matter of the suit.").

18. Plaintiff requests actual damages, statutory damages, equitable relief, restitution, disgorgement and statutory costs. (*Id.* at 41-42.) He does not provide hard numbers for his purported damages, but he cites a 2023 Consumer Impact Report that explained of 14,000 identity

crime victims interviewed, "29-percent experienced financial losses exceeding $10,000." (*Id.* ¶ 74.) The Report further noted that some losses were "in excess of $100,000." (2023 Consumer Impact Report, at page 9, cited in Compl. ¶ 19 n.18, and available at https://www.idtheftcenter.org/wp-content/uploads/2023/08/ITRC_2023-Consumer-Impact-Report_Final-1.pdf.) Additionally, he further alleges that he suffers from anxiety "as a result of the release of his Private Information," loss of privacy, productivity and has spent several hours of his time to mitigate the impact of the Cyberattack. (Compl. ¶¶ 90-91, 107, 182.)

19. Plaintiff also requests a lifetime of credit monitoring and identity theft insurance. He does not identify a particular product or service, but one leading provider, myFICO, charges $39.95 per month for its Premier subscription, (*see* https://www.myfico.com/products/fico-score-plans), which equates to $479.40 annually. Although a lifetime is an unpredictable duration, forty years, for example, of myFICO's Premier coverage would cost $19,176 at current rates. If adjusted for inflation at a flat 2% per year, which is the Federal Reserve's target inflation rate,[2] the total cost of lifetime credit monitoring and identity theft would be approximately $28,956.71. If adjusted for actual historical inflation rates, that total cost would be even higher.

20. Plaintiff further requests injunctive relief "requiring Defendant[s] to, *inter alia*, strengthen [their] data security systems and monitoring procedures, [and] conduct periodic audits of those systems." (Compl. ¶ 144.) It is common knowledge that cyber security products and services are complex, evolving, and expensive, *see Dittman v. UPMC*, 649 Pa. 496, 506 (2018) (noting appellate court finding of "potentially significant costs to increase security measures" after a data-security incident), and Defendants in particular are part of a larger organization and operate in the high-profile and heavily regulated gambling industry, (Diehl Decl. ¶ 7). Consequently, while

---

[2] https://www.federalreserve.gov/economy-at-a-glance-inflation-pce.htm.

Defendants deny that their security practices and procedures were inadequate and are confident in the strength of their systems, given the size and complexity of their information-technology environment, any cybersecurity-related investments Defendants might be required to make at Plaintiff's behest could cost tens, if not hundreds, of thousands of dollars, if not more.

21. Plaintiff additionally makes an open-ended request for "[a]n award of such other and further relief as this Court may deem just and proper," (Compl. at 42), which could be read to include punitive damages. Although Defendants deny wrongdoing or liability and dispute the propriety of any damages, much less punitive damages, punitive damages theoretically could be awarded here based on Plaintiff's allegations, which repeatedly accuse Defendants of recklessness. (Compl. ¶¶ 61, 131, 134, 142); *Brand Mktg. Grp. LLC v. Intertek Testing Servs., N.A., Inc.*, 801 F.3d 347, 359 (3d Cir. 2015) ("Punitive damages may be awarded in Pennsylvania for reckless conduct."). Punitive damages may be considered in determining whether the amount in controversy is satisfied. *Goldfarb v. Kalodimos*, 539 F. Supp. 3d 435, 450 (E.D. Pa. 2021). And in that regard, "courts in this District hold that the amount in controversy requirement is met when a punitive to compensatory damages ratio of at least 1-to-1 exceeds the $75,000.00 threshold." *Id.*

22. Considering Plaintiff's allegations, claims, and requested relief, the pleadings appear to put more than $75,000 in controversy even without the potential applications of punitive damages. With punitive damages, the amount in controversy would potentially double (based on a one-to-one ratio), far surpassing the jurisdictional minimum.

23. Thus, the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

**B. The Parties Are Completely Diverse.**

24. Plaintiff and Defendants are citizens of different states.

25. Specifically, Plaintiff is a citizen of Pennsylvania, and Defendants are citizens of Maryland and Texas. *See supra* ¶¶ 18-20. Complete diversity therefore exists.

26. Accordingly, the diversity requirement of 28 U.S.C. § 1332(a)(1) is satisfied here.

**Procedure for Removal**

27. Defendants were served with the Complaint in this matter on April 10, 2026. Defendants are filing this notice within 30 days of the date of service. This notice of Removal therefore is timely under 28 U.S.C. § 1446(b).

28. Removal to this Court is proper because the U.S. District Court for the Eastern District of Pennsylvania is the District Court for the district and division embracing the Court of Common Pleas of Philadelphia County, Pennsylvania. 28 U.S.C. § 118(a).

29. A copy of all process, pleadings and orders served upon Defendants are attached as Exhibit C in accordance with 28 U.S.C. § 1446(a).

30. Defendants are filing notice of the removal of this action with the Court of Common Pleas of Philadelphia County, Pennsylvania, in accordance with 28 U.S.C. § 1446(d).

**KANE, PUGH, KNOELL, TROY & KRAMER, LLP**

Dated: May 8, 2026

BY: ______________________________
ANDREW J. KRAMER, ESQUIRE
Attorney for Defendants